Campbell, Chief Justice,
delivered the opinion of the court:
The railroad company transported some horses on Government bill of lading from McCall, Idaho, to Preston, Idaho, the bill of lading containing the provision that the property was in “ apparent good order and condition.” The horses had been hired by the Bureau of Public Boads of the Department of Agriculture prior to the shipment mentioned for use on roads near McCall and were being returned to their owners from whom they had been hired. The terms of the hiring do not appear from the evidence. During the period of transportation the horses were in immediate charge of an agent of the Government and were unloaded once in 24 hours for water and feed. The duration of the transportation was two days and one night. One animal died during the trip, and another was so badly crippled that it died in about 60 days after its arrival at Preston. The facts, show that this horse was badly crippled before shipment and not during its transportation. There is no evidence in this record to show the cause of death of the horse that died on the way. The owners of the horses were paid $250 as compensation for the loss of these two horses. The question in this case is whether this amount was properly deducted from the plaintiff’s bill rendered for the transportation of the horses and for other items. The proper amount claimed and due upon these bills was $585.62. But from *651 this sum there was deducted by. the accounting officers the amount paid to the owners of the horses, and only the balance of the bills, $335.62, was paid to the plaintiff.
Admittedly it is entitled to the balance of its bills unless the deduction was properly made. That there was a liability on the part of the Government to the owners of the horses under its agreement of hiring may be assumed, because the animals were not returned as they had been received by the Government. There is no proof, however, as to what the terms of the hiring or bailment were. It does appear that 2 horses out of the 20 were lost to the owners. It is not shown, however, that the railroad company was responsible for this loss. One of the horses was crippled before shipment and was delivered in its crippled state but died about 60 days thereafter. The other horse died during shipment, but there is no proof of any negligence or want of care on the part of the carrier or its agents. The Government had a caretaker in charge, and he could have shown if it was a fact the responsibility for the condition of the one horse. This court in El Paso & Southwestern Railroad Co. case, 55 C. Cls. 479, which involved deductions from transportation bills on account of alleged losses of certain livestock, said:
“ We do not assert that there is not warrant in law for the deduction made by the defendant as it was made in this case, but we have no hesitancy in announcing that no authority has been produced upon which such a course is predicated. The controversy here involves the exercise of a judicial function — the determination of liability under the law.”
There is no evidence in the instant case upon which the court can ascertain the value of the two horses, and, as already said, the liability of the carrier for their loss is not established. The amount of the deduction, being the amount paid by the Government to the owners under this agreement of hiring, is not, without more, the measure of the recovery against the carrier. The latter is entitled to be heard on the question of its liability under its contract of carriage. One horse was crippled before it was shipped and was so delivered. There can be no liability for this condition upon *652 the plaintiff. No value of the animal that died is proved. In the circumstances stated the court can not sustain the deduction, and should award judgment for the amount due plaintiff and withheld. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.